## LIEBERMAN v. MANDEL.

### (Supreme Court, Appellate Term. March 26, 1906.)

CHAMPERTY AND MAINTENANCE—NOTES—PURCHASE BY ATTORNEY.

Code Civ. Proc. § 73, forbids an attorney to buy any promissory note or other chose in action with an intent and for the purpose of bringing an action thereon; and section 76 exempts from such prohibition a case where an attorney receives such chose in action in payment for property sold, for services actually rendered, or for a debt antecedently contracted. *Held* that, where an attorney sues on a note bought by him, the burden was on him to show that he took it under circumstances within the exception, in order to entitle him to recover thereon.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Jere Lieberman against Moses Mandel. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Maurice J. Katz, for appellant.

Henry Goldstein, for respondent.

PER CURIAM. Section 73, Code Civ. Proc., forbids an attorney to buy, directly or indirectly, or to be in any manner interested in buying, any promissory note or other chose in action with the intent and for the purpose of bringing an action upon it. Section 76 exempts from the prohibition a case wherein an attorney receives such a chose in action in payment for property sold, or for services actually rendered, or for a debt antecedently contracted. The evidence showed very clearly that plaintiff took the note in suit with the intent and for the purpose of bringing suit upon it. The burden thus rested upon him to show that he took it under circumstances bringing the case within the exception contained in section 76. This he did not satisfactorily do. The evidence as to the original consideration for the note was also far from satisfactory.

We consider that justice will be best done if the judgment be reversed, and a new trial granted, with costs to abide the event; and it is so ordered.